May 21, 2010

The Honorable Jeff Wentworth
Chair, Senate Jurisprudence Committee
Texas State Senate
Post Office Box 12068
Austin, Texas 78711-2068

Opinion No. GA-0776

Re: Whether the transfer of certain funds and positions from the Texas Department of Transportation to the Texas Department of Motor Vehicles in section 17.30(b), article IX of the 2010–2011 General Appropriations Act constitutes an appropriation (RQ-0838-GA)

Dear Senator Wentworth:

You ask whether the transfer of certain funds and positions from the Texas Department of Transportation ("TxDOT") to the Department of Motor Vehicles ("DMV") provided in section 17.30(b), article IX of the 2010–2011 General Appropriations Act (the "Act") "constitutes an 'appropriation' or is merely language directing and qualifying the use of funds appropriated elsewhere" in that Act.[1]

Part 17 of article IX of the 2010–2011 General Appropriations Act, enacted by the Legislature during its 2009 regular session, is entitled "Contingency and Other Provisions." General Appropriations Act, 81st Leg., R.S., ch. 1424, art. IX, pt. 17, 2009 Tex. Gen. Laws 4485, 5370 (the "General Appropriations Act"). One of the enumerated contingency provisions is section 17.30(b), entitled "Contingency Appropriation for House Bill 300 or House Bill 3097." *Id.* § 17.30(b), at 5379. Section 17.30(b) reads as follows:

> b. Contingent on the enactment of House Bill 300 or House Bill 3097, or similar legislation relating to the creation of the Department of Motor Vehicles and the transfer of certain programs to the Department of Motor Vehicles from the Department of Transportation, and subject to approval by the Legislative Budget Board, the Department of Transportation shall, in the time and manner prescribed by the legislation, transfer to the Department of Motor Vehicles all funds and full-time-equivalent (FTE) positions appropriated to the Department of

---

[1]Request Letter at 1 (*available at* http://www.texasattorneygeneral.gov).

> Transportation for fiscal years 2010 and 2011 that are directly associated with the programs and responsibilities required to be transferred under the provisions of the legislation (estimated to be $103.7 million in All Funds and 622.0 FTEs each year) plus any additional FTE positions (not to exceed 75.0 FTEs) and associated funding for personnel that primarily support the programs to be transferred to the Department of Motor Vehicles. The Legislative Budget Board is authorized to resolve any disputes concerning the transfers identified in this rider.

*Id.*

While House Bill 300 did not become law, House Bill 3097 was enacted as subtitle M, title 7 of the Transportation Code. *See* Act of May 23, 2009, 81st Leg., R.S., ch. 933, 2009 Tex. Gen. Laws 2485, 2485–2522. Because under the terms of House Bill 3097, a number of TxDOT programs and positions were transferred to the newly-created DMV as of November 1, 2009, the contingency provided by section 17.30(b) occurred.[2] *Id.* §§ 6.01(a)–(c), 6.02(a), 6.03(a), at 2519–20. Thus, section 17.30(b) directs TxDOT to *"transfer* to the [DMV] all funds and full-time-equivalent (FTE) positions *appropriated* to [TxDOT] for fiscal years 2010 and 2011 that are directly associated with the programs and responsibilities required to be transferred under the provisions of the legislation . . . plus any additional FTE positions . . . and associated funding for personnel that primarily support the programs to be transferred to the [DMV]." General Appropriations Act, art. IX, § 17.30(b), at 5379 (emphasis added). You inquire whether the language of section 17.30(b) constitutes an appropriation. Request Letter at 1.

The Texas Supreme Court has articulated a test for determining when a provision in a general appropriations act constitutes an appropriation. In *Jessen Associates, Inc. v. Bullock*, the court considered whether a rider to the 1976–1977 General Appropriations Act that authorized the construction of certain enumerated projects without the consent of the Coordinating Board of the Texas College and University System was an "item of appropriation" subject to veto by the Governor. *Jessen Assocs., Inc. v. Bullock*, 531 S.W.2d 593, 596 (Tex. 1975). The rider permitted the board of regents of the University of Texas System, *inter alia*, "(1) to expend such amounts of its Permanent University Fund bond proceeds and/or other bond proceeds and such amounts of its other available moneys as may be necessary to fund one or more of the following projects either in whole or in part . . . : Alterations and Additions to Law School." *Id.* at 597.

After discussing prior judicial authority regarding the meaning of the term "item of appropriation," the *Jessen* court declared that the term "contemplates the setting aside or dedicating of funds for a specified purpose. This is to be distinguished from language which qualifies or directs the use of appropriated funds or which is merely incidental to an appropriation." *Id.* at 599. With

---

[2]The Legislative Budget Board has given the requisite approval. *See* Letter from John O'Brien, Director, Legislative Budget Board, to Victor Vandergriff, Chairman of the Board, Texas Department of Motor Vehicles (Nov. 18, 2009) (on file with the Opinion Committee).

respect to the rider in question, the court determined that the Legislature did not intend to appropriate or set aside funds:

> When the rider is read in connection with the requirements of Section 61.058, Texas Education Code, its purpose becomes clear. What the Legislature intended was to give its approval to the enumerated projects, and thereby eliminate the need for approval by the Coordinating Board. There was no intent for the language of the rider to set aside funds for these projects, because such funds were appropriated elsewhere. The rider was intended merely to direct the use of those funds by giving express legislative approval to the projects specified.
>
> Consequently, the rider cannot be construed as an "item of appropriation" as that term is used in the Constitution.

*Id.* at 600; *see also id.* at 599. ("Of special significance in determining the legislative intent in this case is the fact that the funds mentioned . . . are appropriated elsewhere in the General Appropriations Act.")

In *Jessen,* the Comptroller of Public Accounts argued that if the rider is not an item of appropriation, then it is general legislation in violation of article III, section 35 of the Texas Constitution.[3] The court held that, although the rider did not itself appropriate funds, it was nonetheless valid because, "[i]n authorizing the expenditure of funds, it relates to the appropriation of funds. Likewise, it is germane to that subject. This subdivision merely directs the expenditure of appropriated funds, and is therefore permissible under Article III, Section 35, of the [Texas] Constitution." *Id.* at 601.

The Texas Supreme Court's opinion in *Jessen* is instructive in the situation you pose. Section 17.30(b) does not itself set aside or dedicate funds to the DMV. Rather, it directs TxDOT to *transfer* funds and positions to the DMV in the future, if and when the DMV is created: "the Department of Transportation shall . . . transfer to the Department of Motor Vehicles." General Appropriations Act, art. IX, § 17.30(b), at 5379. The actual *appropriation* in question was made to TxDOT upon the effective date of the Act, i.e., September 1, 2009. *See* General Appropriations Act, at 5444. As we have noted, the funds and positions addressed by House Bill 3097 did not transfer to the newly created DMV until November 1, 2009. Act of May 23, 2009, 81st Leg., R.S., ch. 933, § 6.01, 2009 Tex. Gen. Laws 2485, 2519–20. The Legislature's express use of the phrase "*transfer* to the Department of Motor Vehicles all funds . . . *appropriated* to [TxDOT]" suggests that, in

---

[3]Article III, section 35 of the Texas Constitution provides that "[n]o bill . . . shall contain more than one subject," and thus stands for the proposition that a general appropriations bill may not contain general legislation. *See Jessen,* 531 S.W.2d at 600; TEX. CONST. art. III, § 35. The appropriation of funds from the state treasury is considered a single subject for the purposes of article III, section 35. *See Jessen,* 531 S.W.2d at 600.

enacting section 17.30(b), the Legislature was merely qualifying or directing the use of funds that it expressly appropriated to TxDOT elsewhere in the Act. General Appropriations Act, art. IX, § 17.30(b), at 5379 (emphasis added). Thus, under the plain language of section 17.30(b) and the test announced by the Texas Supreme Court in *Jessen*, a court would likely conclude that section 17.30(b) does not constitute an appropriation to the DMV. Rather, section 17.30(b) would likely be construed as language that merely directs the use of funds appropriated elsewhere in the 2010–2011 General Appropriations Act.[4]

---

[4]In Attorney General Opinion MW-51, this office considered a rider to the appropriation for the Texas Department of Human Resources, which authorized and directed that department "to construct a state office building," described the total square footage of the building, and declared the "intent of the Legislature" that the building house certain state agencies, and the further intent that the Department of Mental Health and Mental Retardation transfer certain described property in Austin to the State Board of Control. Tex. Att'y Gen. Op. No. MW-51 (1979) at 3–4. The Attorney General declared that "[t]hese two paragraphs do not constitute an 'item' of appropriation under the test established in *Jessen*. They do not set aside or dedicate funds. Instead, the language directs and qualifies the use of funds appropriated elsewhere." *Id.* at 4.

## S U M M A R Y

A court would likely conclude that the transfer of certain funds and positions from the Texas Department of Transportation to the Texas Department of Motor Vehicles in section 17.30(b), article IX of the 2010–2011 General Appropriations Act does not constitute an appropriation to the Department of Motor Vehicles. Rather, section 17.30(b) would likely be construed as merely directing the use of funds appropriated to the Department of Transportation in another portion of the 2010–2011 General Appropriations Act.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

ANDREW WEBER
First Assistant Attorney General

JONATHAN K. FRELS
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Rick Gilpin
Assistant Attorney General, Opinion Committee